UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
Wahid Elawame,                                                    :
                                                                  :
                                        Plaintiff,                :
                                                                  :                    MEMORANDUM & ORDER
                    -against-                                     :
                                                                  :                    20-cv-3710 (ENV)
Superintendent, Green Haven                                       :
Correctional Facility                                             :
                                        Defendants.               :
----------------------------------------------------------------- x

VITALIANO, D.J.

On October 1, 2020, Petitioner Wahid Elawame, a prisoner incarcerated at Green Haven Correctional Facility, filed a *pro se* 195-page "Affidavit in Support of a Motion for Habeas Corpus." *See* Dkt. 1. Although Elawame set forth that he was charged with murder in the second degree and related charges, he did not provide information necessary to address his request for habeas corpus relief. Furthermore, Elawame did not pay the $5 filing fee or file an *in forma pauperis* (IFP) application to proceed without prepayment of the filing fee.

On October 7, 2020, the Clerk of Court mailed Elawame a notice advising him that his habeas filing was deficient because he had not paid the filing fee or submitted an IFP application. The Clerk enclosed an IFP application along with a form petition for a writ of habeas corpus under 28 U.S.C. § 2254 and directed Elawame to return the IFP application and the habeas corpus petition form within 14 days of receipt to proceed with the case. *See* Dkt. 2. Elawame has not filed an IFP application or paid the filing fee or submitted a completed habeas corpus petition. Instead, on November 5, 2020, Elawame filed over 1000 pages of documents related to his state court criminal case, medical records, prison grievances and other documents. *See* Dkt. 3.

1

Based on a review of these newly submitted documents, it appears that Elawame challenges his April 6, 2016, conviction under Indictment No. 1274/2012 of murder in the second degree and two counts of kidnapping in the second degree by a jury trial held in New York State Supreme Court, Queens County, and that he was sentenced on May 17, 2016 to twenty-five years to life imprisonment. *See* Dkt. 3-1 at 147, 291–92, 294. Elawame does not state whether he filed a direct appeal or any post-conviction motions. At present, it is unclear whether this petition is timely-filed. *See* 28 U.S.C. § 2244(d).[1]

Thereafter, on November 16, 2020, Elawame filed a letter titled "Affidavit of Information" "Re: Misinterpret the Nature of Legal Document and Delay Legal Process." *See* Dkt. 4. In this letter, Elawame takes issue with the Clerk of Court's deficiency notice and indicates that he did not intend to file a petition for a writ of habeas corpus even though he admits that his submission was titled "Affidavit in Support of a Motion for Habeas Corpus." Elawame is incorrect in his assumption that he does not have to pay the filing fee or request IFP

---

[1] Elawame is advised that there is a one-year statute of limitations in order to file a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

status because his "legal status" is "as an Asylum Applicant." *Id.* If Elawame seeks federal habeas corpus relief, then the filing fee is required or he must request to waive the filing fee by filing an IFP application.

Furthermore, despite the submission of numerous documents, he fails to provide the Court with basic information to determine whether his conviction is final, whether he has exhausted all his state court remedies, and whether his request for habeas corpus relief is timely filed. *See* 28 U.S.C. §§ 2241-2254.

In light of that circumstance, the Clerk of Court is directed to send Elawame another habeas corpus petition form and IFP application, along with a copy of this order. Elawame has 30 days from receipt of this Order to submit the completed habeas corpus petition form and the signed IFP application or pay the filing fee.

If Elawame fails to comply with this order within the time allowed, the case shall be dismissed without prejudice.

Finally, to the extent Elawame seeks my recusal from this matter, he has failed to provide any basis for such relief. 28 U.S.C. § 455; *United States v. Amico*, 486 F.3d 764, 781 n.4 (2d Cir. 2007).

SO ORDERED.

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
November 30, 2020

3