UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
Wahid Elawame,                                                 :
                                                               :
                              Plaintiff,                       :
                                                               :       MEMORANDUM & ORDER
              -against-                                        :
                                                               :       20-cv-3710 (ENV)
Superintendent, Green Haven                                    :
Correctional Facility                                          :
                              Defendant.                       :
-------------------------------------------------------------- x

VITALIANO, D.J.

On October 1, 2020, Petitioner Wahid Elawame, a prisoner incarcerated at Green Haven Correctional Facility, filed a *pro se* 195-page "Affidavit in Support of a Motion for Habeas Corpus" seeking release from custody. *See* Dkt. 1. Although Elawame set forth that he was charged with murder in the second degree and related charges, he did not provide information necessary to address his request for habeas corpus relief. Furthermore, Elawame did not pay the $5 filing fee or file an *in forma pauperis* (IFP) application to proceed without prepayment of the filing fee.

On October 7, 2020, the Clerk of Court mailed Elawame a notice advising him that his habeas filing was deficient because he had not paid the filing fee or submitted an IFP application. The Clerk enclosed an IFP application along with a form petition for a writ of habeas corpus under 28 U.S.C. § 2254 and directed Elawame to return the IFP application and the habeas corpus petition form within 14 days of receipt to proceed with the case. *See* Dkt. 2. Elawame did not pay the filing fee, request IFP status or file a completed habeas corpus petition. Instead, on November 5, 2020, Elawame filed over 1000 pages of documents related to his state court criminal case, medical records, prison grievances and other documents. *See* Dkt. 3.

1

Based on a review of these documents, it appears that, after a jury trial, Elawame was convicted on April 6, 2016 in Queens County Supreme Court, under Indictment No. 1274/2012, of murder in the second degree and two counts of kidnapping in the second degree. He was sentenced on May 17, 2016 to 25 years to life imprisonment. *See* Dkt. 3-1 at 147, 291–92, 294. Elawame did not state whether he filed a direct appeal or any post-conviction motions. As a result, it is unclear whether this petition is timely filed. *See* 28 U.S.C. § 2244(d).[1]

Thereafter, on November 16, 2020, Elawame filed a letter titled "Affidavit of Information" "Re: Misinterpret the Nature of Legal Document and Delay Legal Process." *See* Dkt. 4. In this letter, Elawame takes issue with the Clerk of Court's deficiency notice and indicates that he did not intend to file a petition for a writ of habeas corpus, even though he admits his submission is titled "Affidavit in Support of a Motion for Habeas Corpus." Elawame is incorrect in his assumption that he does not have to pay the filing fee or request IFP status because his "legal status" is "as an Asylum Applicant." *Id.* If Elawame seeks federal habeas

---

[1] Elawame is advised that there is a one-year statute of limitations in order to file a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

corpus relief, such as release from custody, then he must pay the filing fee or request to waive it by filing an IFP application.

Furthermore, despite the submission of numerous documents, he fails to provide the Court with basic information to determine whether his conviction is final, whether he has exhausted all his state court remedies and whether his request for habeas corpus relief is timely filed. *See* 28 U.S.C. §§ 2241–2254.

By Order dated November 30, 2020, the Court directed the Clerk of Court to send Elawame another habeas corpus petition form and IFP application, along with a copy of this Order, and directed Elawame to submit a completed habeas corpus petition and signed IFP application or pay the filing fee within 30 days of receiving the Order.

To date, Elawame has not filed a completed habeas corpus petition, paid the filing fee or requested IFP status. Instead, though he reports receiving the Order, Elawame continues to insist that the Court must consider his "Affidavit in Support of a Motion for Habeas Corpus" seeking his "immediate release" from his alleged "illegal custody" without payment of a filing fee or request to proceed IFP. *See* Dkts. 6–8. It is clear that despite several opportunities, Elawame has no intention of complying with the Court's Orders as to the filing fee requirement and the information necessary to consider his request for release from custody.[2] He has, thus, closed the door on his own request for relief.

---

[2] Release from custody may only be obtained by bringing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78–82, 125 S. Ct. 1242, 1245–48, 161 L. Ed. 2d 253 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)) (noting that a writ of habeas corpus is the sole remedy for a prisoner seeking to challenge the fact or duration of his confinement).

Finally, to the extent Elawame again seeks my recusal from this matter, he has failed to provide any basis for such relief. *See* 28 U.S.C. § 455; *United States v. Amico*, 486 F.3d 764, 781 n.4 (2d Cir. 2007). Elawame's recusal motion is denied.

## Conclusion

Accordingly, this case is dismissed without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S. Ct. 917, 920–21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff and to close this case for administrative purposes.

So Ordered.

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York

January 9, 2021